UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>Plaintiff,<br><br>v.<br><br>T. RALLOS, et al.,<br><br>Defendants. | No. 2:20-cv-1272 TLN AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions to strike, ECF Nos. 26, 27, motions to quash, ECF Nos. 28, 36, and motion for a ruling on the motion to quash, ECF No. 35.[1]

I.  Motions to Strike

Plaintiff has filed two motions to strike. The first seeks to strike defendants' reply in support of their motion to revoke plaintiff's in forma pauperis status, on the ground that defendants raised new arguments in their reply and that the reply is untimely. ECF No. 26. While a party is generally not permitted to raise new arguments in a reply brief, they are permitted to respond to points made by the opposing party's response to their motion. ACLU of Nev. v. Las Vegas, 333 F.3d 1092, 1106 n.14 (9th Cir. 2003). Defendants' reply appears to be a

---

[1] Also pending are defendants' motions to dismiss and to revoke plaintiff's in forma pauperis status, ECF Nos. 15, 16, which will be ruled on in due course.

1  reasonable response to plaintiff's opposition and will therefore not be stricken for this reason.  As
2  to the timeliness of the reply, Local Rule 230(l) provides that replies are due "not more than
3  seven (7) days after the opposition has been filed in CM/ECF."  Plaintiff's reliance on the prison
4  mailbox rule[2] is therefore misplaced.  Plaintiff's opposition was received and therefore deemed
5  filed by the court on November 5, 2020.  ECF No. 22.  However, the docket reflects that the
6  response was not entered into CM/ECF until the following day.  Defendants' reply was filed on
7  November 13, 2020, seven days after the response was entered into CM/ECF.  The motion to
8  strike will therefore be denied.[3]
9       Plaintiff's second motion seeks to strike defendants' reply in support of their motion to
10 dismiss, on the ground that it is untimely.  ECF No. 27.  The opposition to the motion to dismiss
11 was received and therefore deemed filed by the court on October 26, 2020.  ECF No. 21.
12 However, the docket reflects that the response was not entered into CM/ECF until the following
13 day.  Defendants' reply was filed on November 6, 2020, ten days after the response was entered
14 into CM/ECF.  In this instance, defendants' response was in fact untimely and was not
15 accompanied by a request for leave to untimely file.  Given the brief nature of the untimeliness
16 and the lack of any apparent prejudice, the court will deny the motion to strike.  However,
17 defendants are cautioned that in the future, untimely filings should be accompanied by a motion
18 seeking leave to make the untimely filing that explains why it was not timely filed and why they
19 did not seek an extension of time before the filing deadline expired.
20     II.     Motions to Quash
21       This case proceeds on plaintiff's claims related to his 2012 stomach and esophagus
22 surgery and the alleged lack of treatment he received following the surgery when complications
23 arose.  Plaintiff has now filed two motions that seek to quash subpoenas sent by defendants to
24 various healthcare providers who provided treatment related to plaintiff's 2012 surgery and the

---

[2] The prison mailbox rule provides that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing.  Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] Even if the court determined that the filed date, rather than the entered date, was the proper date for calculating the deadline for defendants' reply, it would not strike the reply solely on the ground that it was one day late.

complications he suffered.  ECF Nos. 28, 36.  He argues that the subpoenas create an undue burden, the records are privileged, and disclosure is barred by the Health Insurance Portability and Accountability Act (HIPAA).  Id.  Defendants oppose the motions.  ECF Nos. 29, 37.

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."  Fed. R. Civ. P. 34(c).

> The Ninth Circuit has yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.

Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)).  Under this general rule, plaintiff lacks standing to object to the subpoenas on grounds of undue burden, and to the extent he relies on such arguments, the motions are denied.  However, a party may seek to quash a Rule 45 subpoena to the extent that it has "a personal right or privilege in the information sought to be disclosed."  Freed v. Home Depot U.S.A., Inc., No. 18-cv-359-BAS (LL), 2019 WL 582346, at *2, 2019 U.S. Dist. LEXIS 23763, at *6 (S.D. Cal. Feb. 13, 2019) (quoting Chevron Corp. v. Donziger, No. 12-mc-80237 CRB (NC), 2013 WL 4536808, at *4, 2013 U.S. Dist. LEXIS 119622 , at *14 (N.D. Cal. Aug. 22, 2013)).

To the extent plaintiff is attempting to quash defendants' subpoenas based on physician-patient privilege, federal law does not recognize such privilege as to medical records.  See Whalen v. Roe, 429 U.S. 589, 602 n.28 (1977) ("The physician-patient evidentiary privilege is unknown to the common law.").  The Ninth Circuit has held that the constitutional right to informational privacy extends to medical information, but this right is not absolute and can be infringed on when there is a "proper governmental interest."  Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) (internal quotations marks omitted) (quoting Whalen, 429 U.S. at 599; Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality." (citing Doe v. Attorney Gen. of the

United States, 941 F.2d 780, 795 (9th Cir. 1991))). Furthermore, a plaintiff may waive the right to privacy of his medical records by putting his medical condition at issue, as plaintiff has done in this case. Frye v. Ayers, No. CIV S-99-0628 LKK KJM, 2009 WL 1312924, at *2, 2009 U.S. Dist. LEXIS 124339, at *5-6 (E.D. Cal. May 12, 2009) (citing Barnes v. Glennon, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *4, 2006 U.S. Dist. LEXIS 101806, at * 9 (N.D.N.Y. Sept. 28, 2006) ("Although the release of the medical records was not pursuant to a discovery order or by consent, the release, nevertheless, did not violate Plaintiff's constitutional right to privacy since medical conditions were at the heart of the argument presented by Plaintiff in his *habeas corpus* petition."); Woods v. Goord, No. 01 CIV. 3255 (SAS), 2002 WL 731691, at *11, 2002 U.S. Dist. LEXIS 7157, at *36 (S.D.N.Y. Apr. 23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials."); Ferrell v. Glen-Gery Brick, 678 F. Supp. 111, 112-13 (E.D. Pa. 1987) ("[W]hen a party places his or her physical or mental condition in issue, the privacy right is waived")); Smith v. Solano County, No. 2:11-cv-00142 MCE EFB P, 2012 WL 3727332, at *1, 2012 U.S. Dist. LEXIS 120869, at *3-4 (E.D. Cal. Aug. 24, 2012).

To the extent plaintiff argues that HIPPA bars disclosure of his medical records, his motions also fail. Under 45 C.F.R. § 164.512(e), protected health information may be produced in response to a subpoena if the individual whose information has been requested has been given notice of the request or reasonable efforts have been made to secure a "qualified protective order."[4] 45 C.F.R. § 164.512(e)(1)(ii)-(vi). HIPAA therefore does not bar production of plaintiff's records.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to strike, ECF Nos. 26 and 27, are DENIED;

////

////

////

---

[4] The notice may be given or the protective order sought by either the party seeking disclosure or the covered entity from whom disclosure is sought. 45 C.F.R. § 164.512(e)(1)(ii), (vi).

2. Plaintiff's motion for a ruling on the February 23, 2020 motion to quash, ECF No. 35, is GRANTED, and the motions to quash, ECF Nos. 28, 36, are DENIED.

DATED: September 30, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE