UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. 2:20-cv-1272 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| T. RALLOS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a request to exceed the page limit for his motions to compel and for a copy of the undersigned's standing orders. ECF No. 62. He has also filed objections to defendants' motion for an extension of time to respond to his first motion to compel in which he requests the court reconsider the order granting the motion. ECF No. 63.

Plaintiff's motion for leave to exceed the page limit for his motions to compel *nunc pro tunc* will be granted. The undersigned's standing orders provide for a twenty-page limit for motions, however, plaintiff was not previously provided with a copy of that order or a warning about the page limits. The request for a copy of the undersigned's standing orders will also be granted.

Plaintiff has also filed objections and a request for reconsideration of the order granting defendants' motion for extension. ECF No. 63. Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did

1

not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

Although the court granted defendants' motion before plaintiff could file an opposition, none of plaintiff's objections identify new or different facts or circumstances that would warrant denying the motion.  Though plaintiff accuses defendants of improperly labeling the motion "ex parte" (ECF No. 63 at 1-2), it was in fact an ex parte motion because it was made without a stipulation or response from plaintiff.[1]  See L.R. 144(c).  Furthermore, though plaintiff argues it is improper for the court to consider defendants' motion without providing him an opportunity to respond (ECF No. 63 at 7-8), the Local Rules explicitly allow for an initial ex parte extension, L.R. 144(c), and the court regularly grants motions for an extension of time without a response from the non-moving party.  Plaintiff himself has received such extensions in the past.  See ECF Nos. 20, 52.  As for the contents of the motion for extension itself, the court finds nothing improper with the motion.  The length of plaintiff's motion alone would have established good cause to grant the requested extension, and counsel does not, as plaintiff assets, attempt to argue the merits of the motion to compel.  Instead, counsel merely identifies the additional issues he believes are necessary to address that will require additional time and pages, which is entirely appropriate.  The objections will therefore be overruled and the motion for reconsideration denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to exceed the page limit for his January 9, 2023 and January 19, 2023 motions to compel (ECF No. 62) *nunc pro tunc* is GRANTED.

2.  Plaintiff's request for a copy of the undersigned's standing orders (ECF No. 62) is GRANTED.  The Clerk of the Court shall provide plaintiff with a copy of the undersigned's standing orders.

---

[1] Plaintiff is advised that the term "ex parte" does not refer exclusively to matters involving in camera review and refers generally to motions made without a response from the non-moving party.

3.  Plaintiff's objections to defendants' motion for an extension of time to respond to the January 9, 2023 motion to compel (ECF No. 63) are OVERRULED.

4.  The motion for reconsideration of the order granting defendants' motion for an extension of time (ECF No. 63) is DENIED.

DATED:  February 10, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE