UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. RALLOS, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-1272 TLN AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for a thirty-day extension of time to serve written discovery requests. ECF No. 70.

　　　　The time for serving written discovery requests closed on October 3, 2022. ECF No. 50 at 5. Plaintiff now seeks to re-open this deadline on the ground that he recently learned defendants were untruthful in responding to discovery requests related to prior lawsuits and inmate appeals. ECF No. 70 at 1-2. In considering whether to grant a motion to amend the scheduling order and re-open discovery, the court is to consider:

> "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."

1

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)). It is "significant" that a party is seeking to re-open discovery rather than extend the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id.

Although trial is not imminent and plaintiff has identified the reason for the belated request, it is not clear that re-opening discovery is necessary to address the issue. Plaintiff appears to be alleging that defendants have withheld information responsive to requests that have already been served (ECF No. 70 at 1-2), and these responses appear to be addressed in plaintiff's extensive pending motions to compel (ECF Nos. 54, 57). It is therefore unclear why additional discovery is necessary to address the alleged deficiency of responses that are already the subject of a motion to compel. Plaintiff's motion to re-open discovery will therefore be denied without prejudice to a motion that identifies the specific additional requests plaintiff seeks to propound and explains why the pending motions to compel are not sufficient to address allegedly deficient response.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to re-open discovery (ECF No. 70) is denied without prejudice.

DATED: March 22, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE