UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. 2:20-cv-1272 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| T. RALLOS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions to compel (ECF Nos. 54, 57), which defendants have opposed (ECF Nos. 69, 72). Plaintiff also seeks leave to file oversized reply briefs. ECF Nos. 75, 78.

I. Plaintiff's Allegations

Plaintiff alleges that on July 10, 2012, he underwent surgery on his esophagus and stomach. ECF No. 1 at 8. He was discharged the following day, and the day after that he began throwing up blood and food. Id. He subsequently lost twenty-five pounds, had stomach gas, bowel problems, stomach aches, and could not swallow or eat properly. Id. On November 13, 2012, plaintiff filed a health care appeal in which he identified all the side effects he was suffering from the surgery and stated that the surgeon who had performed the surgery recommended that the surgery be reversed. Id. at 9.

On December 11, 2012, Rallos interviewed plaintiff regarding his health care appeal. Id. at 10. On January 2, 2013, Phile conducted the second-level review of plaintiff's appeal. Id. On February 11, 2013, Allen reviewed and approved the second-level response. Id. On August 7, 2013, Zamora signed off on the third-level response. Id. Plaintiff alleges that his appeal put each of the defendants on notice of his medical condition, that his condition was continuing to decline, and that the longer he went without surgery, the less chance he had of the reversal being successful. Id. at 11-12. He also asserts that each defendant had the authority to speed up the process and promptly arrange for him to undergo reversal surgery but failed to do so, causing him to needlessly suffer for over four years until he finally received the necessary reversal surgery on February 2, 2017. Id. at 12-13.

## II.   Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The party seeking to compel discovery has the burden of showing that the

discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Under Federal Rule of Civil Procedure 36, a party may move for a determination as to the sufficiency of an answer or objection to an admission. Fed. R. Civ. P. 36(a)(6).

   III.   Motions to Compel

Plaintiff has filed motions to compel further responses to nearly all of the discovery request he served on defendants. ECF Nos. 54, 57. Defendants oppose the motions and argue that their responses were sufficient and their objections justified. ECF Nos. 69, 72.

   IV.   Discussion

Plaintiff has challenged the sufficiency of nearly every response to each of his discovery requests, which means he has challenged the responses to nearly 250 requests. In the interests of judicial economy, the court will here address primarily those requests that require a further response. All other responses have been reviewed and deemed sufficient when considered in light of the record as a whole, including any additional response provided in defendants' oppositions to the motions to compel. In addressing the sufficiency of defendants' responses, the court rejects as meritless the general argument that requests related to plaintiff's medical appeal are irrelevant because he has no right to a specific process or policy (ECF No. 69 at 13-14; ECF No. 72 at 14). Plaintiff's deliberate indifference claim is premised on defendants' handling of his appeal, and information related to that appeal, including defendants' duties with respect to the handling of the appeal and their authority within the appeal process, is clearly relevant to the case.

   A.   Interrogatories

Plaintiff has objected to nearly all of defendants' responses to his interrogatories. The court has reviewed plaintiff's challenges to the interrogatories and defendants' responses and finds that further responses are required as outlined below.[1]

---

[1] To the extent plaintiff attempts to "rephrase" any of his discovery requests, the court finds that defendants' objection on the ground that the rephrased requests constitute new and different

3

1          Plaintiff's second interrogatory to each defendant requested that they "state the names, addresses and business telephone numbers of all witnesses" who can confirm the facts listed in their responses to plaintiff's first interrogatory, which asked for facts supporting their claim they did not violate his rights.  ECF No. 54 at 91 (Zamora NUI 2), 135 (Pfile NUI 2); ECF No. 57 at 82 (Rallos NUI 2), 128 (Allen NUI 2).  Defendants responded that the information was equally available to plaintiff in his medical records from "California Correctional Health Care System; the Queen of the Valley Hospital; Samer Kaanan, M.D.; the University of California, San Francisco; and the records produced in connection with Plaintiff's prior lawsuit involving the same underlying medical procedure and treatment."  Id.  Federal Rule of Civil Procedure 33(d) provides that if an answer to an interrogatory can be determined by analyzing a record and the burden of ascertaining the answer will be substantially the same to either party, the responding party can respond by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and providing a reasonable opportunity to examine the records.  Defendants' responses to these interrogatories do not identify the records containing the information with sufficient specificity.  Defendants shall therefore provide supplemental responses to Interrogatory No. 2 that either identify the witnesses or identify the records with sufficient specificity that plaintiff can readily locate them.

          Defendants' responses to plaintiff's third interrogatory to each defendant, which requested that defendants identify all writings that support their responses to his first interrogatory, suffer from the same defect in specificity.  ECF No. 54 at 91 (Zamora NUI 3), 135 (Pfile NUI 3); ECF No. 82 at 82 (Rallos NUI 3), 128 (Allen NUI 3).  The responses to Interrogatory No. 7 to Zamora and Interrogatory No. 13 to Allen, which requested they list all medical or other records reviewed when considering plaintiff's appeal are similarly deficient.  ECF No. 54 at 97; ECF No. 57 at 138.  All defendants will therefore be required to provide supplemental responses to Interrogatory No. 3 that either identify the records with sufficient specificity that plaintiff can readily locate them or

---

28   requests is well-taken.

produce the documents. Zamora and Allen shall provide a similar supplemental response to their Interrogatory No. 7 and Interrogatory No. 13, respectively.

Pfile will be required to provide supplemental responses to Interrogatory Nos. 5-10, 12-13, 16, and 19-20; Rallos will be required to provide supplemental responses to Interrogatory Nos. 9-15; and Allen will be required to provide a supplemental response to Interrogatory No. 5. Defendants objected to these interrogatories on the ground that they did not know what appeal plaintiff was referring to because they completed their review prior to the date identified by plaintiff. See ECF No. 54 at 137-39, 141-43, 146-47; ECF No. 57 at 92-94, 131. It is clear from the objections that defendant understood which appeal plaintiff was likely referring to and could have made responses conditional to that understanding. Defendants will therefore be required to provide supplemental responses to these requests with the understanding that they relate to the review of plaintiff's appeal for which each was responsible.

Defendants will also be required to respond to the following interrogatories: Zamora Interrogatory Nos. 18 and 23, Rallos Interrogatory No. 24, and Allen Interrogatory No. 6. These requests relate to the policies governing plaintiff's appeal. See ECF No. 54 at 104-05, 107; ECF No. 57 at 103, 131. The court will limit their responses to policies that were in effect at the time they were working on plaintiff's appeal and that outline their duties with respect to the handling of plaintiff's appeal and their authority within the appeal process.

Allen will also be required to provide a supplemental response to Interrogatory No. 20. ECF No. 57 at 144-45. To the extent the request could be construed as seeking information related to discussions with counsel or an expert or consultant in preparation for defending this action, the objections on grounds that the information is protected by the attorney-client privilege and attorney work product protection and include records constituting expert information are sustained. However, to the extent the requests seek information regarding individuals Allen consulted with while handling plaintiff's grievance, the objections are overruled.

Objections to plaintiff's interrogatories seeking information on adverse actions by defendants' employers and the medical board, inmate grievances, and lawsuits on the grounds of relevance are sustained. ECF No. 54 at 98-99, 102-03, 105-06 (Zamora NUIs 8-9, 14, 20), 142-

5

43, 145-46, 148-49 (Pfile NUIs 14-15, 18, 22); ECF No. 57 at 94-95 102-03 (Rallos NUIs 16-17, 23), 138-39, 143-44, 146 (Allen NUIs 14-15, 18, 22).  Although in some cases such records may be relevant and sufficiently proportional to the needs of the case, the court does not find this to be one such case.  Plaintiff's requests are overbroad and extend well beyond the claims at issue in this case, and his argument that he requires the records to show defendants' "unprofessional behavior" does little to fix the defect.  See ECF No. 54 at 6-9, 12, 16, 48-51, 53, 57; ECF No. 57 at 13-15, 18-19, 47-51, 53-55.  Moreover, considering the intensely fact specific nature of claims for deliberate indifference to medical needs, any relevance of such records is marginal and greatly outweighed by the burden of responding to the requests.

The court finds that that the responses to all other interrogatories are sufficient or the objections justified, and no further responses will be required.

        B.        Requests for Admission

In addition to challenging the sufficiency of defendants' responses to his requests for admission, plaintiff asserts that defendants' responses were untimely and the requests should therefore be deemed admitted.  ECF No. 54 at 83-85; ECF No. 57 at 75-77.

As the court previously explained, based on plaintiff's asserted service date of October 2, 2022, defendants' responses had to be served by November 21, 2022.  ECF No. 52 at 2 n.1.  Plaintiff argues that the responses are untimely because even though the proof of service is dated November 18, 2022, he did not receive them until November 29, 2022.  ECF No. 54 at 84; ECF No. 57 at 76.  He believes that the certificates of service are inaccurate because of the "substantial difference" between these dates, and asks that the defendants be provided to "produce proof of the actual date of mailing."  ECF No. 54 at 84; ECF No. 57 at 76.

Defendants have produced copies of their certificates of service and the postmark from the envelope containing the responses, all of which indicate the responses were served on November 18, 2022, making the responses presumptively timely.  ECF No. 65-1 at 7-20.  Moreover, the court has already addressed the apparent cause of the delay in plaintiff receiving mail from defendants and found both parties to be partially at fault.  See ECF No. 74 (addressing defendants' use of an incorrect cell number and plaintiff's failure to file a notice of change of

address after he was moved to another cell).  Absent direct evidence that the responses were not mailed on November 18, 2022, the court finds that the responses were timely and plaintiff's request to have the requests deemed admitted will be denied.

With respect to defendants' responses to plaintiff's requests for admission, the court has reviewed the requests along with defendants' responses and finds that further responses are warranted as set forth below.

With respect to defendant Pfile, supplemental responses to Request for Admission Nos. 1, 2, 4, 13, 15, 20, 22, and 24 are required.  These admissions were all denied on the ground that Pfile was "unaware of what C.D.C.R.-602 Health Care Appeal Plaintiff contends Responding Party reviewed on February 11, 2013, as the Second Level Review of Plaintiff's medical appeal Responding Party was involved with was completed and dated well prior to February 11, 2013," and no further response was provided in the opposition to the motion to compel.  See ECF No. 54 at 153-54, 158-62.  It is clear from the objections that defendant understood what appeal plaintiff was likely referring to and could have made responses conditional to that understanding.  She will therefore be required to provide supplemental responses to these requests with the understanding that they relate to the second level review with which she was involved and which she identifies as being completed on February 4, 2013.

With respect to defendant Allen, supplemental responses to Requests for Admission Nos. 1-5, 11-12, 14, 17, 19, and 22-23 will be required.  The court has reviewed Allen's responses and finds that they consist solely of objections which the court finds to be insufficient as to these requests.  Allen objects to many requests as having terms that are "vague, ambiguous and unclear."  ECF No. 57 at 150-51, 154, 156-58.  However, any vagueness or ambiguity in the requests appears to implicate the evidentiary value of the request rather than Allen's ability to answer the request, and he is free to qualify his answers with respect to any terms he finds to be vague or ambiguous.  Furthermore, objections based on ambiguity regarding the appeal plaintiff was referring to are overruled, as it appears that Allen, like Pfile, understood what appeal plaintiff was likely referring to and could have made responses conditional to that understanding. Additionally, Federal Rule of Civil Procedure 36(a)(4) requires that

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

The court finds that many of plaintiff's requests appear to be capable of being answered at least in part. See, e.g., ECF No. 57 at 151 (RFA No. 5).[2]

The responses to all other requests for admission are sufficient. The court notes that with respect to many of the challenged responses, defendants either admitted or denied the request despite any objections. The court cannot compel defendants to change their responses. If plaintiff believes a response is untruthful, he will be free to attempt to impeach defendants with any evidence he has to the contrary should the case proceed to trial.

        C.      Requests Production

Plaintiff seeks to compel further responses to all forty-six requests for production propounded on defendants. ECF No. 54 at 33-40, 77-83; ECF No. 57 at 32-37, 69-75. Defendants did not produce a single document in response to plaintiff's requests. While some of plaintiff's requests seek documents of relevance too tenuous to warrant production, defendants also failed to respond to standard production requests to which a response should have been provided.

Plaintiff requested copies of Pfile, Rallos, and Allen's curricula vitae (CVs) and medical licenses (Pfile RFP 1, Rallos RFP 6; Allen RFP 6), as well as any post-medical school training records (Pfile RFP 8, Rallos RFP 10, Allen RFP 10). He also requests the diplomas and transcripts of all defendants (Zamora RFP 7, Pfile RFP 5, Rallos RFP 7, Allen RFP 7). Defendants object on the grounds that the requests seek documents protected by their right to

---

[2] RFA No. 5 requests that defendant admit that plaintiff's "health care appeal was partially granted at the 1st and 2nd levels of review" because the needs partially granted met the requirements of a specific regulation. ECF No. 57 at 151. Presumably Allen can admit or deny whether the appeal was partially granted even if he is unable to admit or deny the reason.

privacy, are not relevant, and are equally available as public records. ECF No. 54 at 128, 166, 169; ECF No. 57 at 120, 122, 164, 166. In opposition to the motion to compel they argue that this information is not relevant because their only involvement with plaintiff was through the appeals process. ECF No. 69 at 22-23, 49-50; ECF No. 72 at 22-23, 47.

Although defendants Pfile, Rallos, and Allen were not acting in a capacity as plaintiff's treating physicians, their professional, medical expertise is relevant to their consideration of plaintiff's grievance. That defendants "did not make any medical orders or recommendations beyond those relating to the medical appeal," ECF No. 72 at 23, is not equivalent to claiming that defendants did not make any medical orders or recommendations at all and indicates that they exercised at least some of their medical expertise in considering plaintiff's grievance. "[D]ue to the professional expertise of medical defendants, their curriculum vitae are generally assumed to be relevant." Kilgore v. Mandeville, No. 2:07-cv-2485 GEB KJN, 2010 WL 2557702, at *7 (E.D. Cal. June 21, 2010) (collecting cases). Pfile, Rallos, and Allen will therefore be required to produce their CVs with personal information redacted. They shall also provide records indicating what post-medical school medical training they have completed unless such training is already reflected in their CVs. Plaintiff's requests for copies of defendants' medical licenses, diplomas, and transcripts, however, are of such marginal relevance that production is not warranted.[3]

Plaintiff has requested copies of "the customs, practices, policies, professional standards and protocols" that applied to the processing of his appeal from Zamora, Rallos, and Allen. ECF No. 54 at 125 (Zamora RFP 1); ECF No. 57 at 118 (Rallos RFP 1), 162 (Allen RFP 1). However, all three defendants assert that they are not in possession of any responsive documents, they have no legal right to demand the documents because they are no longer employees, the documents are equally available to plaintiff as public records, the requests seek documents protected by the attorney-client privilege and attorney work product protection, and the requests include records constituting expert materials.[4] ECF No. 54 at 125; ECF No. 57 at 118, 162; ECF No. 69 at 17;

---

[3] The court similarly finds that plaintiff's requests for defendants' employment contracts and documents showing civil service numbers are of little to no relevance to the issues before the court and defendants are not required to produce them.

[4] Allen objected only on the ground that there are no responsive documents because plaintiff

ECF No. 72 at 17-18.  The court finds that defendants' claims that they have no right to demand the documents is contradicted by their claim that they are equally available to plaintiff as public records, and there appears to be no basis for their claim that the documents are protected or constitute expert materials.  Moreover, considering the difficulties that incarcerated plaintiffs face in obtaining documents, including those that are considered public records, the court finds that the records are not equally available to plaintiff, particularly considering that the policies which were in place at the relevant times have likely been replaced by updated policies.  Defendants will therefore be required to respond to these requests.  However, the court will limit the responses to policies that were in effect at the time defendants were working on plaintiff's appeal and that outline their duties with respect to the handling of plaintiff's appeal and their authority within the appeal process.

Zamora, Rallos, and Allen have also objected to requests for records relevant to their review of plaintiff's grievance, records supporting their claim that they did not violate plaintiff's rights, writings that support their responses to interrogatories, adverse or disciplinary actions by their employers, and adverse actions by the medical board on the same grounds as they objected to the requests for grievance policies.  ECF No. 54 at 126-29 (Zamora RFPs 3-5, 8-10); ECF No. 57 at 119-23 (Rallos RFPs 3-5, 8-9, 12), 163-67 (Allen RFPs 3-5, 8-9, 12).[5]  He has made similar requests to Pfile, who objects on the same grounds except that she does not claim to no longer be employed by the CDCR or CCHCS and raises an additional claim of third-party privacy concerns in relation to plaintiff's request for a list of inmate grievance against her.  ECF No. 54 at 167-71 (Pfile RFPs 3-4, 6-7, 10, 12).

Defendants' objections to plaintiff's requests for adverse actions by defendants' employers and the medical board, inmate grievances, and lawsuits on the grounds of relevance are sustained.  Although in some cases such records may relevant and proportional, the court does

---

requested documents related to his first-level review of the grievance, when Allen reviewed plaintiff's second-level grievance.  ECF No. 57 at 162; ECF No. 72 at 45.  As with other similar objections, the court finds that Allen reasonably understood which grievance response was at issue and could have provided a qualified response, but assumes that Allen would have otherwise objected similarly to Zamora and Rallos.

[5]  Requests 5 and 10 to Zamora and Requests 5 and 12 to Rallos and Allen are duplicative.

not find this to be one such case. Plaintiff's requests are overbroad and extend well beyond the claims at issue, and his argument that he requires the records to show defendants' "unprofessional behavior" does little to fix the defect. See ECF No. 54 at 38, 81; ECF No. 57 at 18, 36, 47, 73-74. Moreover, considering the intensely fact specific nature of claims for deliberate indifference to medical needs, any relevance of such records is marginal and greatly outweighed by the burden of locating and producing them.

With respect to plaintiff's requests for records relevant to defendants' review of his grievance, that support their claims that they did not violate his rights, and that support their interrogatory responses, the court finds that defendants' claims that they are not in possession, custody, or control of responsive documents to be belied by their detailed responses to plaintiff's interrogatories requesting they state facts supporting their claims they did not violate his rights. Considering the passage of time, it appears extremely unlikely that defendants responded to those interrogatories based solely upon their own recollection of events. To the extent the request could be construed as seeking documents prepared by counsel or an expert or consultant in preparation for defending this action, the objections on grounds that the records are protected by the attorney-client privilege and attorney work product protection and include records constituting expert materials are sustained. However, to the extent the requests seek records reviewed in handling plaintiff's grievance or subsequent medical records that defendants assert demonstrate they were not deliberately indifferent, the objections are overruled. The records defendants reviewed in addressing plaintiff's appeal are the records reviewed. Counsel's collection of these documents or the fact that they may have been considered by an expert or consultant does not change the historical fact that defendants reviewed those documents. Furthermore, defendants have already provided detailed responses regarding why they believe they did not violate plaintiff's rights and a request for documents supporting the factual bases for their responses is not only reasonable but relatively standard. Defendants will therefore be required to produce any responsive documents that they actually reviewed or to which they had access in preparing their interrogatory responses in response to the following requests: Zamora Requests for Production Nos. 3-5, and 9; Pfile Requests for Production Nos. 3-4; Rallos Requests for Production Nos. 3-5; and Allen Requests

for Production Nos. 3-5.

Finally, the court sustains defendants' objections to requests for lists of witnesses and their contact information on the grounds that they seek creation of a document not already in existence. See ECF No. 54 at 169-70 (Pfile RFP 9); ECF No. 57 at 122-23 (Rallos RFP 11), 166-67 (Allen RFP 11).

V.   Conclusion

Plaintiff's motions to compel are granted in part and denied in part as set forth above. Defendants will be required to provide supplemental responses to the requests identified and plaintiff will have an opportunity to file any necessary motions for sanctions should they fail to comply with this order. Should plaintiff find it necessary to file a motion for sanctions, he is cautioned that the court's twenty-page limit will be strictly enforced absent the showing of a compelling need to exceed the page limit.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to file extended length replies (ECF Nos. 75, 78) are GRANTED;

2. Plaintiff's motion to compel further responses from defendants Zamora and Pfile (ECF No. 54) is GRANTED in part and DENIED in part as follows:

    a. GRANTED to the extent defendant Zamora must provide supplemental responses to Interrogatories 2-3, 7, 18, 23; and Requests for Production Nos. 1, 3-5, and 9 as set forth above;

    b. GRANTED to the extent that defendant Pfile must provide supplemental responses to Interrogatories 2-3, 5-10, 12-13, 16, 19-20; Request for Admission Nos. 1, 2, 4, 13, 15, 20, 22, and 24; and Requests for Production Nos. 3-4, as set forth above; and

    c. DENIED as to all other discovery requests;

3. Plaintiff's motion to compel further discovery responses from defendants Rallos and Allen (ECF No. 57) is GRANTED in part and DENIED in part as follows:

    a. GRANTED to the extent defendant Rallos must provide supplemental responses to

Interrogatories 2-3, 9-15, 24; and Requests for Production Nos. 1, and 3-5, as set forth above;

    b. GRANTED to the extent defendant Allen must provide supplemental responses to Interrogatories 2-3, 5-6, 13, 20; Requests for Admission Nos. 1-5, 11-12, 14, 17, 19, and 22-23; and Requests for Production Nos. 1, 3-5, as set forth above; and

    c. DENIED as to all other discovery requests;

4. Supplemental responses shall be provided within thirty days of the service of this order;

5. Within thirty days of the service of this order, defendants may move for a protective order with respect to any sensitive documents, as provided above; and

6. Within forty-five days of the service of this order, plaintiff may file any necessary motion for sanctions if defendants fail to comply with this order.

DATED: October 1, 2024

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE