UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. RALLOS, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-1272 TLN AC P<br><br>ORDER TO SHOW CAUSE |

By order filed October 1, 2024, plaintiff's motions to compel were granted in part and defendants were ordered to serve supplemental responses within thirty days, or by October 31, 2024. ECF No. 79. Plaintiff was granted forty-five days from service of the order to file any necessary motions for sanctions based on defendants' failure to comply, making his deadline November 18, 2024. Id. at 13. On December 3, 2024, the court set a deadline for filing dispositive motions. ECF No. 80. On December 9, 2024,[1] plaintiff constructively filed an untimely motion for a sixty-day extension of time to file a motion for sanctions. ECF No. 81.

In his motion, plaintiff asserts that he received defendants' supplemental responses, dated October 31, 2024, on November 5, 2024. Id. at 3. The letter accompanying the responses stated that responsive documents had been sent out for printing and would be forwarded once received.

---

[1] While the certificate of service is dated December 20, 2024, plaintiff attaches documentation indicating that he originally mailed the motion on December 10, 2024, and it was returned by the postal service on December 17, 2024. ECF No. 81-1.

1

Id. at 3, 7. Plaintiff made multiple attempts to contact defendants' attorney, Mr. Morrison, and when he was finally able to speak to Mr. Morrison he was promised that the documents were forthcoming. Id. at 2. Plaintiff continues to wait for the documents, which have yet to arrive. Id.

Plaintiff—who has demonstrated throughout this case that he is well aware of the need to request an extension of time if he is unable to meet a deadline—did not file his motion for an extension of time until three weeks after the deadline expired and five weeks after he was notified that defendants would not be timely producing the responsive documents. His claim that he was "waiting" for defendants to provide the documents as ordered does not explain why he allowed the motions deadline to pass without requesting additional time from the court. The motion for an extension of time will therefore be denied. However, defendants and their counsel will be required to show cause why sanctions should not issue, against defendants or against counsel personally, for failing to comply with the court's October 1, 2024 order. Defendants were explicitly ordered to provide their responses within thirty days of the service of the court's order. ECF No. 79 at 13. Plaintiff has attached an October 31, 2024 letter from Mr. Morrison showing that that deadline was disregarded, as it states that the supplemental documents would be "forwarded once received." ECF No. 81 at 7. Defendants plainly did not comply with the court's order, as they did not produce the documents on by the deadline or seek an extension of their deadline for compliance.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 81) is DENIED;

2. Within fourteen days of the service of this order, defendants and their counsel shall show cause why sanctions should not issue against defendants or their counsel for failure to comply with the court's October 1, 2024 order; and

3. Defendants shall serve plaintiff with all supplemental responsive documents within seven days of the service of this order if they have not already done so.

DATED: January 2, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE