1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAWRENCE GEORGE HASH,                    No.  2:20-cv-1272 TLN AC P

12                  Plaintiff,

13          v.                                  ORDER

14    T. RALLOS, et al.,

15                  Defendants.

16

17          By order filed January 3, 2025, defendants and their counsel were ordered to show cause

18    why sanctions should not issue against defendants or their counsel for failure to comply with the

19    court's October 1, 2024 order partially granting plaintiff's motion to compel.[1]  ECF No. 82.  The

20    order specifically noted that plaintiff had produced a letter from defense counsel, dated October

21    31, 2024,[2] that stated that responsive documents would be "forwarded once received," indicating

22    that defendants did not produce supplemental documents by the deadline.  ECF No. 82 at 2.

23    Defendants have now responded to the order to show cause.  ECF No. 92.

24          In their response, defendants address why their verifications and curriculum vitae were not

25    sent by October 31, 2024, and assert that they otherwise complied with the order by producing

26

27    _____
      [1]  The same order denied plaintiff's motion for an extension of time to file a motion for sanctions
      for failure to comply with the discovery order.
28    [2]  October 31, 2024, was the deadline for serving supplemental responses.

                                             1

1    nearly 1,000 pages of documents.  Id. at 3, 5, 8-9.  However, they entirely fail to explain why the

2    letter indicated that additional documents would be forwarded after the deadline had passed.[3]

3    Instead, they now appear to argue that they should not be required to produce those documents.

4    Counsel's letter to plaintiff stated that "responsive documents, including those related to medical

5    records and prior litigation, have been sent out for printing due to their voluminous nature and

6    will be forwarded once received" (ECF No. 81 at 7), while the response to the order to show

7    cause argues they should not be required to produce medical records obtained from third parties

8    and records from prior litigation (ECF No. 92 at 5-10).

9        Any arguments that defendants should not have to produce responsive documents, as

10    ordered by the court, come too late.  Such arguments should have been raised in the response to

11    the motion to compel, objections to the order directing discovery, or a motion for reconsideration

12    of the order directing discovery.  Defendants shall file a further response to the order to show

13    cause that specifically addresses what additional responsive documents were to be "forwarded

14    once received," which requests for production they were responsive to, why they did not seek an

15    extension of time if they were unable to comply with the deadline for production, and whether the

16    documents were ever produced.  The response shall be limited to these issues and failure to

17    adequately respond shall result in monetary sanctions against counsel and potential evidentiary

18    sanctions against defendants.  No response from plaintiff is requested or authorized.

19        Plaintiff has also filed an opposition to defendants' response to the order to show cause in

20    which he requests that his deadline to respond to defendants' motion for summary judgment be

21    stayed pending resolution of the matter and in which he further requests sanctions against

22    defendants.  ECF No. 94.  The court neither requested nor authorized a reply from plaintiff with

23    regard to defendants' response to the order to show cause, and the reply will be disregarded.

24    Plaintiff's motion for sanctions will also be denied, as it is untimely, and the court previously

25    denied his motion for an extension of time.  The issue of potential sanctions is limited strictly to

26

27    [3]  Defendants state that they did not realize their verifications and curriculum vitae had not been
     forwarded to plaintiff until plaintiff sought an extension of time to file a motion for sanction.

28    ECF No. 92 at 8-9.  The letter therefore could not have been referring to those documents.

1    those outlined by the court above.  Finally, plaintiff's motion to stay briefing on the motion for

2    summary judgment will be denied as moot since plaintiff has already filed his opposition to the

3    motion for summary judgment.

4            Accordingly, IT IS HEREBY ORDERED that:

5        1.  Within fourteen days of the service of this order, defendants shall file a further

6    response to the January 3, 2025 order to show cause, as set forth above.

7        2.  Plaintiff's reply to defendants' response to the order to show cause (ECF No. 94) is

8    DISREGARDED.

9        3.  Plaintiff's motion to stay briefing on defendants' motion for summary judgment (ECF

10   No. 94) is DENIED as moot.

11       4.  Plaintiff's motion for an extension of time to file an opposition to defendants' motion

12   for summary judgment (ECF No. 95) is GRANTED and the opposition (ECF No. 97) is deemed

13   timely.

14       5.  Plaintiff's motion to exceed the page limit for his opposition to defendants' motion for

15   summary judgment (ECF No. 96) is GRANTED.

16   DATED: February 24, 2025

17

18                                                    ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28